Good morning. May it please the Court, I'm Christy Hughes from Albany and Myers, and I'm pro bono counsel for petitioner Fernando Ramos-Vazquez. By the way, counsel, I want to acknowledge that since you're pro bono, too, that we do appreciate pro bono counsel helping us in these cases. It's very useful. I think the government appreciates having learned counsel to talk to, not always, perhaps, but we do appreciate pro bono counsel. And I know you give of your time for grace, so thank you very much on behalf of the Court. Of course. Please proceed. We recently submitted to the Court a letter notifying the Court of recent developments that may moot these removal proceedings. And counsel for the government just recently was assigned for argument, so he had not received that letter until this morning. I gave him a copy. We discussed it before court, and we both would like to ask this Court to not hear this case and allow the administrative agency to adjudicate the I-687 application. The special master just recently granted it. It's now before citizenship and immigration. We're not exactly clear on how long it will take for that application to be determined, but while it's pending, the government may not remove Mr. Vasquez, so even an order of removal wouldn't really do much in this case anyways. Counsel for the government, why don't you come up? Because I think that is probably the issue that got the attention of the Court. State your appearance. Yes, Donald Kubian for the respondent. I was informed this morning telephonically that CIS has confirmed our inquiry as to the status of the legalization application. The special master granted the- Yes, we have a copy. We have that. Yeah, that was sent to us. So we have that. The legalization application is pending with the agency, and there's really no need for the Court to waste its resources at this time on this case. What we're asking is that the Court simply hold this case in abeyance of its wishes. To await that determination, if the application is granted, of course this case goes away. If it's denied, the statute allows the petitioner to have that denial reviewed only in a petition for review from a final order of removal. So it's like a motion to reopen in a different manner. Yeah. Yes. So if it's denied, then that issue, if they wish, would be brought forward, rejoined with this issue, and the case heard properly. All right. Well, let me ask this, subject to the veto of my companions here. Why don't the two of you draft a short statement of what you would like to do, submit it so that we can consider that, give us a proposed order, and we will certainly defer the argument today. Whichever you wish, Your Honor. Why don't you do that, and then it will be in the terms that you think are appropriate. It's basically the same. I'm sorry. It's basically the same thing as if you had an underlying petition for review here, and they had a motion to reopen pending, and they wanted to spay the matter to join it. That's all it is. I just want to make sure we don't have arguments about what you all agreed to in court. Oh, no problem, Your Honor. So why don't you draft something and get it to us, and we'll – Certainly. In any event, the matter is deferred. We'll keep it on our docket until we hear from you. So within how many days do you need? I know you have argument here. I have an argument tomorrow. I mean, I'm – Okay. Five days. Give us something within about five days. That's fine. Is that okay? That's fine, Your Honor. All right. Fine. Thank you. Thank you. Thank you. I appreciate your working together. Okay. The case just not argued will be deferred on our calendar. All right. The next case on the calendar, then, is United States v. Chang, which has been submitted. And that will bring us to the length of our last case for the morning, which is Das v. Tosco.
judges: Fisher, Paez,, Campbell